# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br><br>        Plaintiff, <br><br> vs. <br><br> JOHN DOE subscriber assigned IP address 47.149.207.213, <br><br>        Defendant. | Case No.: 8:23-cv-01987-TJH-SP <br><br> **[PROPOSED] ORDER ON APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE** |

    **THIS CAUSE** came before the Court upon Plaintiff's *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Federal Rule of Civil Procedure 26(f) Conference (the "Application"), and the Court being duly advised does hereby:

    **FIND, ORDER AND ADJUDGE:**

    1.    Plaintiff may immediately serve a Rule 45 subpoena on Frontier Communications to obtain the Doe defendant's true name and address. The subpoena must include a copy of this order.

    2.    Frontier Communications will have **30 days** from the date of service upon it to serve the Doe defendant with a copy of the subpoena and a copy of this

1

[Proposed] Order on Application for Leave to Serve Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 8:23-cv-01987-TJH-SP

order. Frontier Communications may serve defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

3. The Doe defendant will have **30 days** from the date of service upon him or her to file any motions contesting the subpoena (including a motion to quash or modify the subpoena) with this court, as well as any request to litigate the subpoena anonymously. Frontier Communications may not turn over the Doe defendant's identifying information to plaintiff before the expiration of this 30-day period. If the Doe defendant files a motion to quash the subpoena or to proceed anonymously, he or she shall at the same time as the filing serve Frontier Communications with a copy, as well as plaintiff. If such motion is filed, Frontier Communications may not turn over any information to plaintiff until the court rules on the motion or otherwise issues an order instructing it to proceed.

4. If the 30-day period lapses without the Doe defendant contesting the subpoena, this limited protective order will expire and Frontier Communications shall have **10 days** to produce the information responsive to the subpoena to plaintiff.

5. Frontier Communications shall preserve any subpoenaed information upon receipt of the subpoena, and pending the resolution of any timely-filed motion to quash.

6. Any information disclosed to plaintiff in response to the subpoena may be used by plaintiff solely for the purpose of protecting and enforcing its rights as set forth in the Complaint.

**IT IS SO ORDERED**.

Dated: November 9, 2023

By: _____
**United States Magistrate Judge**
Hon. Sheri Pym

2

[Proposed] Order on Application for Leave to Serve Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 8:23-cv-01987-TJH-SP